# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KIM LYNN MASON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-CV-0644-JED-PJC** |
| | ) | |
| **JIMMY MARTIN,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1)

filed by Petitioner Kim Lynn Mason, a state prisoner appearing *pro se*.[2] Respondent filed

a response (Doc. 9) in opposition to the petition and provided the state court records (Docs.

9, 10) necessary to adjudicate Petitioner's claims. Petitioner filed a reply (Doc. 14). For

the reasons discussed below, the Court denies the habeas petition.[3]

---

[1] Petitioner is currently incarcerated at the North Fork Correctional Center (NFCC) in Sayre, Oklahoma. Doc. 15. Jimmy Martin, the NFCC's warden, is therefore substituted in place of Tracy McCollum as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts.* The Clerk of Court shall note this substitution on the record.

[2] Because Petitioner appears *pro se*, the Court must "liberally construe his filings" without "act[ing] as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[3] In his reply, Petitioner requests an evidentiary hearing and appointment of counsel. Doc. 14, at 21-23. Having reviewed the petition, response, reply, and state-court record, the Court determines that neither an evidentiary hearing nor appointment of counsel is warranted. *See* Rule 8, *Rules Governing Section 2254 Cases in the United States District Courts.* The Court therefore denies Petitioner's requests.

## BACKGROUND

Following an arrest and eventful booking process in February 2007, the State

charged Petitioner, in the District Court of Craig County, Case No. CF-2007-33, with

bringing a controlled substance into a penal institution, in violation of OKLA. STAT. tit. 57,

§ 21 (2001), after former conviction of two or more felonies (Count 1); assault and battery

on a peace officer, in violation of OKLA. STAT. tit. 21, § 649(B) (2001), after former

conviction of two or more felonies (Count 2); and attempting to destroy evidence, in

violation of OKLA. STAT. tit. 21, § 42 (2001) (Count 3).  Doc. 10-5, Orig. Rec. vol. 1, at

152-55.[4]  On the second page of the amended information, the State alleged that Petitioner

had eight prior felony convictions.[5]  *Id.* at 154.

Petitioner's case proceeded to a jury trial in June 2009.[6]  *See* Doc. 10-2, Tr. Trial

vol. 1, at 1.  The following facts were developed at trial.  On February 6, 2007, Jeff Prack,

a patrol officer with the City of Vinita Police Department, arrested Petitioner and

transported him to the Craig County Jail.  Doc. 10-2, Tr. Trial vol. 1, at 130-32.  As Officer

---

[4] For consistency, the Court's record citations refer to the CM/ECF header page number in the upper right-hand corner of each document.

[5] Under Oklahoma law, the State may seek an enhanced sentence when the defendant "having been twice convicted of felony offenses, commits a subsequent felony offense within ten years of the date following the completion of the execution of the sentence." OKLA. STAT. tit. 21, § 51.1(C); *see also* OKLA. STAT. tit. 57, § 21(C) (governing use of prior felony convictions to seek enhanced sentence upon conviction of possessing contraband in penal institution).  However, in seeking an enhanced sentence, the State may not rely on prior felony offenses that arose "out of the same transaction or occurrence or series of events closely related in time and location." OKLA. STAT. tit. 21, § 51.1(C); OKLA. STAT. tit. 57, § 21(C).

[6] Petitioner appeared *pro se* at trial with appointed standby counsel. Doc. 10-2, Tr. Trial vol. 1, at 1.

2

Prack prepared to leave the jail, he heard a "scuffle break out in the bathroom." *Id.* at 132-33. Jailer Marvin Asche had taken Petitioner into the bathroom so Petitioner could change into jail-issued clothing. *Id.* at 132-33, 145, 148. According to Asche, the scuffle ensued after a "package" consisting of "white paper wrapped in [red] tape" fell out of Petitioner's shoe. *Id.* at 148-49. Asche called out for a second jailer and told Petitioner to back away from the package. *Id.* at 149, 151. Petitioner did not comply. *Id.* at 149. Instead, he grabbed the package and threw it into the nearby toilet. *Id.* As Petitioner dropped the package into the water, Asche grabbed Petitioner's left hand. *Id.* Petitioner "turned around and punched" Asche in the chest. *Id.* at 149-50. Petitioner then tried, but failed, to flush the package.[7] *Id.* Asche yanked Petitioner away from the toilet and subdued him on the ground. *Id.* at 150.

When Officer Prack entered the bathroom, he saw that Asche had Petitioner "in a controlled position on the floor." Doc. 10-2, Tr. Trial vol. 1, at 134-35. Asche told Prack that Petitioner attempted to flush contraband down the toilet. *Id.* at 135. Prack heard the toilet "still running" and saw the "package floating." *Id.* at 134-35. Asche retrieved the package and placed it into a drawer of a desk in the booking area. *Id.* at 152-53. After he secured Petitioner in a jail cell, Asche opened the package and saw "a green leafy substance" and "a couple of baggies" containing "a whiteish color" powder. *Id.* at 154. Asche contacted Craig County Sheriff's Deputy Merle Clack to field test the substances.

---

[7] According to Asche, Petitioner "was able to hit the flush button," but the toilet was "very old" and it "didn't flush on the first try." Doc. 10-2, Tr. vol. 1, at 149-50.

*Id.* at 154; Doc. 10-3, Tr. Trial vol. 2, at 5-7.

Upon his arrival at the Craig County Jail, Deputy Clack took Asche's statement about the incident and spoke with Officer Prack about Petitioner's arrest. Doc. 10-3, Tr. Trial vol. 2, at 7-9. Clack then field tested the substances from the package Petitioner attempted to flush. *Id.* at 9-10. The white powder tested positive for methamphetamine. *Id.* at 10-12. Both substances were sent to the Oklahoma State Bureau of Investigation (OSBI) for further testing. *Id.* at 13-14. Jason McGinnis, a criminalist with the OSBI's drug identification unit, received three items for testing which he described as "one bag with a green leafy substance and two bags containing a residue." *Id.* at 31, 41. McGinnis performed a series of tests and determined the green leafy substance was marijuana and the residue was methamphetamine. *Id.* at 41-47, 49, 61.

The jury found Petitioner guilty as charged and recommended a 30-year prison sentence as to Count 1, a 40-year prison sentence as to Count 2, and a six-month jail sentence and fine as to Count 3. Doc. 10-3, Tr. Trial vol. 2, at 148-49; Doc. 10-7, Orig. Rec. vol. 3, at 12-14, 22-24. The trial court sentenced Petitioner accordingly and ordered the sentences to be served consecutively. Doc. 10-4, Tr. Sent., at 3-4, 6.

Represented by counsel, Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), raising five propositions of error:

1. Appellant's conviction on count 1—possession of a controlled dangerous substance in a penal institution—should be reversed with instructions to dismiss, based on an inadequate chain of custody.

2. Appellant was prejudiced by improper admission of a prior conviction in Craig County case number CF-1985-85, which was not valid for enhancement of Appellant's felony sentences because (1) more than

4

ten years had elapsed from the term of the sentence to the date of the current alleged offenses, and (2) Appellant was not bound over on this prior conviction.

3. The trial court abused its discretion in allowing the State to allege and to present evidence of separate prior convictions on cases and counts that arose out of the same transaction or occurrence or series of events closely related in time and location.

4. The trial court erred in the instruction and verdict forms given to the jury on (1) the number of priors valid for enhancement, (2) a question of law as to whether prior conviction relied upon for enhancement had arisen out of the same transaction or occurrence or series of events closely related in time and location, and (3) the sentencing range for count 1 after one prior conviction.

5. Appellant was prejudiced in sentencing by the jury being informed of sentences on prior offenses that had been modified.

Doc. 9-3, *Mason v. State*, No. F-2009-604 (Okla. Crim. App. 2010) (unpublished) (hereafter, "OCCA Op."), at 1-2. By unpublished summary opinion filed December 13, 2010, the OCCA affirmed Petitioner's convictions and sentences. *Id.* at 1, 2, 5.

On November 2, 2011, Petitioner, appearing *pro se*, filed an application for post-conviction relief in state district court alleging:

A. The Affiant in the Application for the Arrest Without Warrant Which Led to Defendant's Detention Signed an Affidavit which Contained False Statements. His False Statements Where [sic] Material; Without the Affiant's Misrepresentations, the Magistrate would not have Issued the Arrest Without Warrant for the Petitioner's Detention. Further, the Misrepresentations were made either with Knowledge that they were False or with Reckless Disregard for the Truth.

B. Appellate Counsel's Representation was Rendered Constitutionally Deficient Because She Failed to Raise on Direct Appeal that Petitioner was Actually Innocent to the Charge of Assault and Battery Upon a Peace Officer and that The Jury was Incorrectly instructed on the Elements of Assault and Battery Upon a Peace Officer, Mr. Asche was not a Peace Office [sic] at the Allege [sic] Incident.

C. The State Failed To Prove Each and Every Essential and Material

Element of the Offense of Assault and Battery Upon Peace Officer Necessary to Constitute the Crime with which the Petitioner was Charged Beyond A Reasonable Doubt.

D.    Appellant [sic] Counsel's Representation Was Rendered Constitutionally Deficient Because She Failed To Raise On Direct Appeal That Petitioner Was Actually Innocent To The Charge Of Second And Subsequent Offender Under 21 O.S. § 51.1(C) And The Prior Convictions That And "On Their Face" Are Revealed To Be A Continuous Transaction.

E.    The Omission of a Direct Appeal Claim Regarding all Eight Felony Offenses Relied upon Shall not have Arisen Out of the Same Transaction or Occurrence or Series of Events Closely Related in Time and Location.

F.    Continuing Offenses

Doc. 9-4, at 6-7, 11, 15, 18. Petitioner filed a supplemental application on February 22, 2013, presenting further arguments in support of his ineffective-assistance-of-appellate-counsel claims. Doc. 9-5, at 1-4. By order filed June 22, 2015, the state district court denied post-conviction relief. Doc. 9-6. In doing so, the state district court construed

> [a]ll of the [Petitioner's] claims for post conviction relief . . . [as] center[ing] on two propositions: (1) The [Petitioner's] conviction on Count II (Assault and Battery on a Peace Officer, After Former Convictions of Two or More Felonies) should be overturned because the victim of the assault and battery was not a peace officer as defined at Title 21 O.S. Section 648; and (2) The former convictions were improperly admitted as separate offenses when they should have been excluded as a continuing or single transaction.

*Id.* at 1. As to the first proposition, the state district court concluded that Asche's status as a jailer at the Craig County Jail brought him within the class of individuals identified in the charging statute, OKLA. STAT. tit. 21, § 649(B), regardless of whether Asche was a "peace officer" as defined in OKLA. STAT. tit. 21, § 648. *Id.* at 1-2. As a result, and without directly addressing Petitioner's related allegations of jury-instruction error and ineffective assistance of appellate counsel, the court denied relief. *Id.* The court dismissed the second

proposition "as having been previously decided by the Oklahoma Court of Criminal Appeals." *Id.* at 2.

Petitioner filed a post-conviction appeal challenging the state district court's "findings of fact and conclusions of law" as to both propositions. Doc. 9-7. Petitioner specifically challenged the state district court's conclusion that Asche's status as a jailer brought him within the group of individuals covered under OKLA. STAT. tit. 21 § 649(B). *Id.* at 2-7. In a footnote to that argument, Petitioner also asserted that the state district court failed to address his claim "that the trial court misinstructed [sic] the jury" on the elements of assault and battery of a peace officer. *Id.* at 6 n.10. In addition, Petitioner argued the state district court erred in rejecting his ineffective-assistance-of-counsel claims without holding an evidentiary hearing. *Id.* at 7-11.[8] The OCCA affirmed the denial of post-conviction relief by unpublished order filed October 14, 2015. Doc. 9-8, *Mason v. State*, No. PC-2015-0653 (Okla. Crim. App. 2015) (unpublished) (hereafter, "OCCA PC Order"). The OCCA appeared to adopt the state district court's position that Petitioner sought post-conviction relief on two grounds: "(1) his conviction for Assault and Battery on a Peace Officer should be overturned because the victim of the assault and battery was not a peace officer as defined by Section 648 of Title 21, and (2) appellate counsel was ineffective for not sufficiently arguing that the former convictions were improperly admitted as separate

---

[8] Though not entirely clear, Petitioner's brief on post-conviction appeal appears to challenge the state district court's failure to directly address any of his complaints about appellate counsel's performance, including his claim that counsel was ineffective for failing to raise any issues challenging his assault and battery conviction. Doc. 9-7, at 7-11.

offenses when they should have been excluded as a continuing or single transaction." Doc.

9-8, OCCA PC Order, at 1-2. The OCCA characterized the state district court's order as

denying Petitioner's first issue on the merits and dismissing his second issue as

procedurally barred. *Id.* at 2. Next, the OCCA stated, generally, that "[a]ll issues

previously ruled upon by this Court are *res judicata*, and all issues not raised in the direct

appeal, which could have been raised, are waived." *Id.* The OCCA then stated that claims

of ineffective assistance of appellate counsel may be raised for the first time in an

application for post-conviction relief. *Id.* Applying *Strickland v. Washington*, 466 U.S.

668 (1984), and *Logan v. State*, 293 P.3d 969 (Okla. Crim. App. 2013), the latter of which

requires courts to examine "the merits of the issues that appellate counsel failed to raise,"

the OCCA concluded,

> In the present case, this issue was raised on direct appeal and is, therefore,
> barred by the doctrine of *res judicata*. Petitioner has not shown that appellate
> counsel was ineffective or that this issue was not adequately raised on direct
> appeal. The remaining issue has been waived.

Doc. 9-8, OCCA PC Order, at 2-3.[9] The OCCA consequently affirmed the state district

---

[9] The OCCA's order is not a model of clarity. However, in context it appears "this issue" that "was raised on direct appeal" refers to Petitioner's second issue: Petitioner's claim that appellate counsel should have argued on direct appeal that the trial court erred in admitting evidence of Petitioner's eight prior felony convictions. Because appellate counsel did, in fact, raise that issue on direct appeal and because the OCCA rejected it, it would make sense for the OCCA to conclude that that issue was both (1) barred by *res judicata*, and (2) insufficient to demonstrate that appellate counsel was ineffective. *See* Doc. 9-8, OCCA PC Order, at 1-2; *Davis v. State*, 123 P.3d 243, 244 (Okla. Crim. App. 2005) (noting that the OCCA "will not consider issues which were raised on direct appeal and are barred by *res judicata*" (quoting *Cummings v. State*, 970 P.2d 188, 190 (Okla. Crim. App. 1998))). Thus, it appears the "remaining issue" that was "waived" refers to

(. . . continued next page)

court's order denying post-conviction relief. *Id.* at 3-4.

Petitioner filed his federal habeas petition on November 6, 2015, alleging three grounds for relief:

Ground 1: Petitioner is actually innocent of the crime of Assault and Battery upon a Peace Officer.

Ground 2: Petitioner is actually innocent of two or more prior felony convictions in that Petitioner's prior convictions arose out of the same transaction or occurrence.

Ground 3: The jury in Petitioner's case was incorrectly instructed on the elements of Assault and Battery upon a Peace Officer.

Doc. 1, at 1, 5-7.

In response to the petition, Respondent contends Petitioner's first and third claims are procedurally barred and Petitioner's second claim does not present a cognizable federal habeas claim. Doc. 9, at 2, 7-15.

## ANALYSIS

Because Petitioner is a state prisoner, the Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of his habeas claims. Under the AEDPA, a federal court may grant habeas relief to a state prisoner "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In most cases, a state prisoner must file a federal habeas petition within one year of the date on which his state judgment became final. 28 U.S.C.

---

Petitioner's first issue—his challenge to the assault and battery conviction—because that issue was not raised on direct appeal. *See* Doc. 9-8, OCCA PC Order, at 1-3; Doc. 9-3, OCCA Op., at 1-2; *Davis*, 123 P.3d at 244 (noting that the OCCA "will not consider . . . issues which have been waived because they could have been, but were not, raised on direct appeal" (quoting *Cummings*, 970 P.2d at 190)).

§ 2244(d)(1)(A). In addition, before seeking federal habeas relief, a state prisoner must exhaust available state-court remedies, *id.* § 2254(b)(1)(A), by "fairly present[ing] the substance of his federal claim[s] to state courts," *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). To advance "comity, finality, and federalism interests," *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017), the AEDPA generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies," *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017). *See also Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (noting general rule that federal habeas court should dismiss unexhausted claims but discussing application of anticipatory procedural bar as appropriate alternative when "state court would now find the claims procedurally barred on independent and adequate state procedural grounds" (quoting *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999))); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n. 7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (quoting *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002))). And, because it also advances those same interests, the procedural default doctrine is "an important 'corollary' to the exhaustion requirement." *Davila*, 137 S. Ct. at 2064 (quoting *Dretke v. Haley*, 541 U.S. 386, 392 (2004)). Under the procedural default doctrine, in the ordinary case, a "federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court

denied based on an adequate and independent state procedural rule."[10] *Id.*

Nonetheless, even in light of the AEDPA, "the writ of habeas corpus plays a vital role in protecting constitutional rights." *Holland v. Florida*, 560 U.S. 631, 648-49 (2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Thus, a state prisoner may obtain habeas review of procedurally defaulted federal claims if the prisoner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To demonstrate "cause," a petitioner ordinarily must "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In addition to "cause," the petitioner must also establish "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). To demonstrate that a "fundamental miscarriage of justice" will occur absent review of his defaulted claims, a petitioner usually must show that "a constitutional violation probably has caused the conviction of one innocent of a crime." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *see also Herrera v. Collins*, 506 U.S. 390, 404 (1993) (noting the miscarriage-of-justice exception "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of

---

[10] A state procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)).

innocent persons" (quoting *McCleskey*, 499 U.S. at 490)).

In this case, Respondent does not contest the timeliness of the habeas petition. Doc. 9, at 2. However, as further discussed below, Respondent contends Petitioner (1) procedurally defaulted his Ground 1 claim in state court, (2) failed to exhaust his Ground 3 claim and cannot now return to state court to exhaust that claim, (3) cannot make the requisite showings to overcome the procedural default of his Ground 1 and Ground 3 claims, and (4) alleges only a violation of state law in his Ground 2 claim. *Id.* at 2, 7-15. Thus, Respondent urges this Court to deny the habeas petition.

## A. Petitioner procedurally defaulted the claims alleged in Grounds 1 and 3.

Petitioner challenges the constitutional validity of his conviction for assault and battery on a peace officer on two grounds. In Ground 1, Petitioner alleges he is "actually innocent" of committing assault and battery on a peace officer because the victim, Marvin Asche, "testified that [he] was not a peace officer for the State of Oklahoma." Doc. 1, at 5. In Ground 3, Petitioner alleges the trial court erroneously instructed the jury as to the elements of assault and battery on a peace officer because, even though Asche was "a jailer for the county jail," he was "not considered as a peace officer." *Id.* at 7-8.

Liberally construed, both of these claims implicate Petitioner's constitutional right to due process. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979) (reiterating that the Due Process Clause of the Fourteenth Amendment protects a criminal defendant from conviction unless the state proves, beyond a reasonable doubt, every essential element of the crime charged); *Tiger v. Workman*, 445 F.3d 1265, 1267 (10th Cir. 2006) ("[U]nless the constitution mandates a jury instruction be given, a habeas petitioner must show that,

in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny the petitioner due process.").

However, as Respondent contends, Petitioner procedurally defaulted both claims. In its order affirming the denial of post-conviction relief, the OCCA summarily denied Petitioner's Ground 1 claim, finding Petitioner waived that claim by failing to raise it on direct appeal. Doc. 9-8, OCCA PC Order, at 1-3. The OCCA's denial of Petitioner's Ground 1 claim rests entirely upon an independent and adequate state law ground. *See Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) ("The waiver of claims not brought on direct appeal is based on state law, *see* 22 OKLA. STAT. tit. 22 § 1086, and this court has found Oklahoma's bar of claims not raised on direct appeal to be independent and adequate with respect to claims other than ineffective assistance of counsel[.]"). And Petitioner does not argue otherwise, either in his petition or his reply. Docs. 1, 14. Because the OCCA imposed an independent and adequate state procedural bar to deny post-conviction relief as to Petitioner's Ground 1 claim, the Court finds that Petitioner procedurally defaulted that claim.

The Court also agrees with Respondent that Petitioner failed to exhaust his Ground 3 claim. To satisfy the exhaustion requirement, "a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Grant*, 886 F.3d at 890 (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). The AEDPA's exhaustion requirement obligates a habeas petitioner to do more than simply place before the state court "all the facts necessary to support the federal claim" or make "a somewhat similar state-law claim." *Anderson*, 459

U.S. at 6. Petitioner's Ground 3 claim, construed liberally, asserts a due process violation resulting from an allegedly defective jury instruction on the elements of assault and battery on a peace officer. Doc. 1, at 7-8. Yet, in presenting this claim to the OCCA on post-conviction appeal, Petitioner merely mentioned it in a footnote to his related argument that the State failed to prove every essential element to support his conviction for that offense. Doc. 9-7, at 6 n.10. If the placement of his reference to the alleged jury-instruction error were not problematic enough, the footnote itself falls near the end of an argument that the state district court erroneously interpreted OKLA. STAT. tit. 21, § 649(B) as applied to the facts of his case. Doc. 9-7, at 2-6. That argument rests primarily, if not entirely, on state law. *Id.* To be fair, in the last paragraph following his state-law argument Petitioner mentions "due process" and the United States Constitution. *Id.* at 6-7. Nonetheless, the Court finds those references, even in conjunction with the footnote, would not be sufficient to put the OCCA on notice that Petitioner was presenting a federal due process claim challenging the trial court's instruction as to the elements of assault and battery on a peace officer. In this instance, the Court finds it likely that state courts would impose a procedural bar should Petitioner attempt to return to state court and make any further attempt to exhaust the due-process claim alleged in Ground 3. Thus, the Court also agrees with Respondent that imposition of an anticipatory procedural bar is more appropriate than dismissal. *See Grant*, 886 F.3d at 891-92; *Anderson*, 476 F.3d at 1139 n.7. The Court therefore finds Petitioner also procedurally defaulted his Ground 3 claim.

Because Petitioner procedurally defaulted his Ground 1 and Ground 3 claims, the Court will not consider them unless Petitioner can demonstrate "cause and prejudice" to

14

excuse the procedural default or that his circumstances warrant application of the miscarriage-of-justice exception. *See Coleman*, 501 U.S. at 750. In his reply, Petitioner contends he can establish cause and prejudice because appellate counsel was ineffective for failing to raise any claims on direct appeal challenging his assault and battery conviction. Doc. 14, at 3-7. In addition, Petitioner asserts that failing to address his claims will result in a fundamental miscarriage of justice because he is "actually innocent" of assault and battery of a peace officer. *Id.* at 7-8.

For two reasons, the Court agrees with Respondent that Petitioner cannot overcome the procedural default of his Ground 1 and Ground 3 claims. First, he cannot rely on his allegation that he received ineffective assistance of appellate counsel. A claim that appellate counsel provided ineffective assistance may, in some cases, serve as "cause" to overcome a procedural bar. *Carrier*, 477 U.S. at 488-89. However, "[n]ot just any deficiency in counsel's performance will do." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).[11] Rather, "the assistance must have been so ineffective as to violate the Federal

---

[11] In *Carpenter*, the Supreme Court explained that an ineffective-assistance-of-counsel claim asserted as cause to overcome the procedural default of another claim must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." 529 U.S. at 451-52 (quoting *Carrier*, 477 U.S. at 489). The parties disagree as to whether Petitioner properly exhausted his claim that appellate counsel was ineffective with respect to raising issues related to the assault and battery conviction. Doc. 9, at 10; Doc. 14, at 3-7. On the record presented, the Court finds the path to resolving that dispute is less clear than Respondent suggests. In any event, the Court finds it unnecessary to definitively resolve the parties' dispute over whether this claim is exhausted because, as discussed below, Petitioner cannot establish that appellate counsel was ineffective. *See Snow v. Sirmons*, 474 F.3d 693, 717 (10th Cir. 2007) (noting that federal habeas courts may "avoid deciding procedural bar questions where claims can

(. . . continued next page)

Constitution." *Id.*; *see also Davila*, 137 S. Ct. at 2065 (noting that "attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel"). Here, Petitioner cannot show that appellate counsel violated his right to effective assistance by failing to challenge his assault and battery conviction on direct appeal. As the state district court recognized, Petitioner's claim that appellate counsel was ineffective rests on Petitioner's belief that he could not be convicted of assault and battery on a peace officer under OKLA. STAT. tit. 21, § 649(B) because the victim, Marvin Asche, was not a "peace officer" as defined in OKLA. STAT. tit. 21, § 648. That belief, however, is mistaken. Under § 649(B), a person who, "without justifiable or excusable cause knowingly commits battery or assault and battery upon the person of a police officer, sheriff, deputy sheriff, highway patrolman, corrections personnel, or other state peace officer employed or duly appointed by any state governmental agency to enforce state laws while the officer is in the performance of his or her duties, upon conviction, shall be guilty of a felony." OKLA. STAT. tit. 21, § 649(B). And, as used in § 649(B), "corrections personnel" includes, *inter alia*, "persons employed or duly appointed by county or municipal jails to supervise inmates." OKLA. STAT. tit. 21, § 649(C). Thus, as the state district court reasoned, Asche's status as a "jailer" for the Craig County Sheriff's Office brought him "within the protected class of individuals

---

readily be dismissed on the merits"); *Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits.").

described in Title 21 O.S. Section 649[B]." Doc. 9-6, at 2. As a result, Petitioner cannot show that appellate counsel performed in a constitutionally deficient manner by omitting Petitioner's challenges to his assault and battery conviction. *See Smith*, 550 F.3d at 1268 (stating appellate counsel cannot be deemed ineffective for failing to raise "meritless issues"). Because Petitioner's ineffective-assistance-of-appellate-counsel claim lacks merit, he cannot rely on that claim to overcome the procedural default of his Ground 1 and Ground 3 claims. *See Davila*, 137 S. Ct. at 2065.[12] Second, and for the same reason, Petitioner cannot overcome the procedural default based on his assertion that he is "actually innocent" of committing assault and battery on a peace officer. That assertion too rests on Petitioner's misunderstanding of Oklahoma law. *See* Doc. 1, at 7-8; Doc. 14, at 7-8.

Because Petitioner procedurally defaulted the claims he alleges in Grounds 1 and 3 and cannot make the requisite showings to overcome the procedural default, the Court

---

[12] In his reply, Petitioner also appears to suggest his ineffective-assistance-of-appellate claims cannot be considered procedurally barred under the rule announced in *Martinez v. Ryan*, 566 U.S. 1 (2012). Doc. 14, at 6-7, 18-19. In *Martinez* and, later, in *Trevino v. Thaler*, 569 U.S. 413 (2013), the Supreme Court carved out a third, "narrow exception to *Coleman*'s general rule" permitting review of procedurally barred claims. *Davila*, 137 S. Ct. at 2062. "That exception treats ineffective assistance by a prisoner's state postconviction counsel as cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Id.* at 2062-63. To the extent Petitioner asks this Court to extend the *Martinez* exception to the situation in this case—which he describes as one in which he "never had the opportunity to receive any advice on the ineffective assistance of appellate counsel issue"—*Davila* precludes this Court from granting his request. *See Davila*, 137 S. Ct. at 2063 (expressly declining to extend the *Martinez* exception "to allow federal courts to consider a different kind of defaulted claim—ineffective assistance of appellate counsel"). To be fair to Petitioner though, *Davila* was decided after Petitioner filed his reply.

17

denies the habeas petition as to Grounds 1 and 3.

**B.    Petitioner fails to present cognizable federal habeas claim in Ground 2.**

In Ground 2 of his petition, Petitioner alleges he is "actually innocent of two or more prior felony convictions" because all eight of his prior felony convictions the State relied upon to obtain his enhanced sentences arose out of the same transaction or occurrence.  Doc. 1, at 6.  Petitioner raised this claim on direct appeal, and the OCCA rejected it.  Doc. 9-1, at 30-37; Doc. 9-3, OCCA Op., at 3-4.  Applying state law, the OCCA found that Petitioner failed to meet his burden to show that the challenged convictions arose out of the same transaction or occurrence.  *Id.*  Alternatively, the OCCA reasoned that Petitioner "had at least two or more prior convictions which clearly arose out of separate occurrences, thus the enhancement was proper."  *Id.*  In seeking post-conviction relief, Petitioner alleged appellate counsel was ineffective for failing to adequately argue that his eight prior felony convictions arose from the same transaction or occurrence.  Doc. 9-4, at 15-20; Doc. 9-5, at 2-4; Doc. 9-7, at 7-11. The OCCA rejected this claim as well.  Applying *Strickland*, the OCCA reasoned appellate counsel was not ineffective because counsel argued on direct appeal that Petitioner's convictions arose from the same transaction or occurrence and Petitioner failed to demonstrate counsel's arguments were inadequate.  Doc. 9-8, OCCA PC Order, at 3.

In his habeas petition, Petitioner appears to focus his Ground 2 claim on the substantive claim he presented to the OCCA on direct appeal rather than the ineffective-assistance-of-appellate-counsel claim he presented on post-conviction appeal.  Doc. 1, at 6.  The Court agrees with Respondent that, to the extent Petitioner's Ground 2 claim merely

reasserts the substantive claim he presented to the OCCA on direct appeal, he raises a matter of state law that is not cognizable on federal habeas review. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *Fryar v. Peterson*, 259 F. App'x. 83, 84 (10th Cir. 2007) (unpublished)[13] (declining to consider habeas petitioner's challenge to habitual-offender enhancement of his sentence because claim was "rooted in Oklahoma state law"); *Rice v. Champion*, 58 F. App'x 416, 420 (10th Cir. 2003) (explaining that question of whether habeas petitioner "established that this two former convictions should have been treated as one" under state's habitual-offender statute was "an issue of state law" and the state court's decision on that issue was binding); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976) (holding that the interpretation of state statutes is a matter of state law and generally does not present a cognizable federal habeas claim).

However, in his reply, Petitioner seems to shift the focus of his Ground 2 claim to reassert the claim he presented to the OCCA on post-conviction appeal, i.e., his claim that appellate counsel was ineffective for failing to adequately challenge the use of his prior convictions on direct appeal. Doc. 14, at 8-19. To the extent Petitioner's shift in focus renders his Ground 2 claim a cognizable habeas claim, the Court finds that § 2254(d)(1) bars Petitioner's request for habeas relief. As previously stated, the OCCA rejected

---

[13] The Court cites this decision, and other unpublished decisions herein, for persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Petitioner's claim that appellate counsel ineffectively challenged the use of his prior felony convictions. Doc. 9-8, OCCA PC Order, at 2-3. And, because the OCCA applied *Strickland* in adjudicating that claim, Petitioner cannot obtain habeas relief unless he can demonstrate that the OCCA's application of *Strickland* was objectively unreasonable. 28 U.S.C. § 2254(d)(1); *Bell v. Cone*, 535 U.S. 685, 699 (2002). Because the record demonstrates that appellate counsel raised four claims on direct appeal challenging the use of Petitioner's prior felony convictions, *see* Doc. 9-3, OCCA Op., at 1-2, Petitioner cannot show that the OCCA's application of *Strickland* was objectively unreasonable.

In short, whether Petitioner's Ground 2 claim alleges only an error of state law or alleges a Sixth Amendment ineffective-assistance-of-appellate-counsel claim, Petitioner is not entitled to federal habeas relief. The Court therefore denies his habeas petition as to Ground 2.

## CONCLUSION

Petitioner alleges three grounds for habeas relief but none shows that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Court therefore denies his petition for a writ of habeas corpus.

### Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [petitioner]." A district court may issue a certificate of appealability (COA) "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas

petition by rejecting the merits of a petitioner's constitutional claims, the petitioner must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. However, when the district court denies a habeas petition on procedural grounds, the petitioner must show both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* For the reasons discussed in the analysis section of this Opinion, the Court concludes Petitioner has not made the requisite showings to obtain a certificate of appealability as to any issues. The Court therefore declines to issue any certificates of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Jimmy Martin in place of Tracy McCollum as party Respondent.

2. Petitioner's requests for an evidentiary hearing and appointment of counsel are **denied**.

3. The petition for a writ of habeas corpus (Doc. 1) is **denied**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered in this case.

ORDERED this 19th day of March 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT